IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ | ) | CASE NO.  4:10CV2042 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff,  *pro se* Alejandro Hernandez, incarcerated in the Northeast Ohio Corrections Center, Youngstown, Ohio ("NEOCC"), filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the United States of America and Warden Roddie Rushing. He alleges that prison officials entered his cell and stole two towels. Warden Rushing is allegedly a supervisor responsible for supervising or employing guards who violated Plaintiff's constitutional rights. Plaintiff complained to him but did not get an answer.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

NEOCC is  a private prison owned and operated by the Corrections Corporation of America, It contracts with state and federal agencies for incarceration of those agencies' inmates. *Home v.*

*Corrections Corp. of America*, 2006 WL 1722307* 1 (D. Ariz., Jun. 20, 2006). Although civil rights actions under 42 U.S.C. § 1983 are not available to federal prisoners, a federal prisoner may bring an action against a federal employee at that prison under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). However, a *Bivens* action is analogous to a § 1983 claim. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009); *Browning v. Pennerton*, 633 F.Supp.2d 415, 430-431 (E.D. Ky., 2009). When *Bivens* is involved, a court uses § 1983 case law.

The Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct.  *Browning*, 633 F.Supp.2d at 431. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). *See Hussein v. City of Perrysburg,* 535 F.Supp.2d 862, 873 (N.D. Ohio, 2008)(liability of a defendant under § 1983 cannot be based solely on the right to control employees, or simple awareness of employees' misconduct), *rev'd on other grounds*, 617 F.3d 828 (6th Cir. 2010). Because proof of personal involvement is required, liability cannot be imposed under *respondeat superior*. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). *Respondeat superior* does not apply to a *Bivens* action. *Browning*, 633 F.Supp.2d at 431.  There are no allegations that Warden Rushing participated in unconstitutional conduct. Plaintiff merely asserted that the Warden may have been aware of the alleged incident.

Plaintiff has included the United States of America as a party Defendant. The doctrine of sovereign immunity protects the United States against suit, unless it waives this immunity and consents to be sued. *Center for Bio-Ethical Reform, Inc. v. City of Springboro,* 477 F.3d 807, 820

(6th Cir. 2007) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Butz v. Economou,* 438 U.S. 478, 504 (1978)*; Ecclesiastical Order of the Ism of Am, Inc. v. Chasin,* 845 F.2d 113, 115 (6th Cir. 1988)). The Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, makes suit against the United States the exclusive remedy for common-law torts. Therefore, agencies and their employees are immune from suit under the FTCA. *Fiqueroa v. U.S. Postal Service*, 422 F. Supp.2d 866 (N.D. Ohio 2006) (citing *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991)). However, a plaintiff must first exhaust the administrative remedy process before filing an action under the FTCA*, Figueroa*, 422 F. Supp.2d at 876 (citing *Mcneil v. United States*, 508 U.S. 106 (1993)). This means filing a standard Form 95 claim with the agency within two years after the claim accrued. *See* 28 U.S.C. § 2675(a); *Brooks v. Silva*,  2009 WL 1211024, at  * 4 (E.D.Ky., May 1 2009). Compliance with the FTCA's statutory conditions is a prerequisite to the jurisdiction of a federal court*. Usher v. United States*,  2010 WL 37213858  5 (E.D.Ky., Sep. 15, 2010) (citing *Rogers v. United States,* 675 F.2d 123 (6th Cir.1982).

Plaintiff has not indicated that he has satisfied the requirements of the FTCA. Therefore, the United States must be dismissed from this action. Since no defendants remain, the action must be dismissed.

Accordingly,  this action is dismissed pursuant to 28 U.S.C. § 1915(e).The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.


Date:   12/20/10                                             /s/ John R. Adams
                                                            JUDGE JOHN R. ADAMS
                                                            UNITED STATES DISTRICT JUDGE